Nellie NOBLE et al., Appellants,

v.

**OKLAHOMA TAX COMMISSION,**
Appellee.

No. 48472.

Supreme Court of Oklahoma.

Jan. 25, 1977.

Allen D. Evans, Robert A. Reece, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Matthew J. Kane, Kane, Kane, Wilson & Mattingly, Pawhuska, for appellants.

Lester D. Hoyt, Gen. Counsel, Stanley J. Alexander, Clyde E. Fosdyke, F. Karen Grethen, Oklahoma Tax Com., Oklahoma City, for appellee.

LAVENDER, Vice Chief Justice:

The will of Goldie Gibson, deceased, bequeathed remaining monies to three individuals, as trustees, to be used as a scholarship fund designated the "Goldie Gibson Scholarship Fund" for worthy students.[1] The trustees were directed "to use the funds to assist worthy students in the fur-

---

1. That portion of the probated will relating to the Testamentary trust reads:

"If at the time of my death there be any unpaid balances on any notes or mortgages owned by me or any cash remaining in my accounts after the payment of the bequests hereinbefore made and after my estate is settled, I give, devise and bequeath said notes, mortgages and money to Woodrow Staats, Kenneth Cargile and Ruth Edgar, as trustees, the property to be held by the said trustees for the uses and purposes hereinafter limited, described and declared:

A. This *trust shall be used as a scholarship fund for worthy students* and shall be designated the 'Goldie Gibson Scholarship Fund.'

therance of their education," and "to give primary consideration to the scholastic performance of the recipients of their help rather than the financial needs of the recipients." Aid was to be in the nature of loans bearing interest "not to exceed four percent (4%)," repayable within ten years after borrower ceased to be a student, and the maximum amount to be certain educational and living expenses for one year with additional yearly loans to that student if trustees found the borrower remained a worthy student.

Taxpayer estate deducted the amount of the bequest, $105,098.65, from the gross estate under 68 O.S.1971, § 808(i). It provides in part:

"—For the purpose of determining the net estate and transfers there shall be deducted from the value of the gross estate, as provided for in the preceding section, the following amounts and no others:

(i) All transfers, gifts, or bequests made in good faith to, or in trust for, the use, benefit or support of any charitable, educational or religious institution or agency, or nonprofit medical research foundation, or to nonprofit organizations devoted exclusively to youth programs emphasizing physical fitness, character development, and citizenship training, such as the Girl Scouts or Boy Scouts of America, incorporated or operating either

(1) Under the laws of this State or

(2) * * *."

Tax Commission disallowed the deduction and assessed an additional $5,502.66 in estate taxes. Taxpayer estate paid the assessed tax under protest and brought suit to recover the amount of the additional tax. Both parties filed motions for summary judgment. There was no fact dispute. Trial court gave summary judgment to the Tax Commission and denied recovery to the taxpayer estate. The taxpayer appeals.

The testamentary trust in the Goldie Gibson will was established to receive Goldie Gibson's bequest to be used solely for making loans to students found by the trustees to be worthy principally from the student's scholastic performance. The 4% maximum rate of interest and the ten year term beginning after the borrower ceased to be a student removes any doubt these loans, to be made by this trust, were not commercial in nature. In the Oregon case of *In Re Jenkins' Estate*, 224 Or. 144, 355 P.2d 729, 731, that court said:

"There is no question that a student loan fund does constitute a charitable or educational use fully as much as would a scholarship fund. By making available funds at a relatively low rate of interest to qualifying persons, the loan fund serves a purpose as charitable as it is meritorious. * * *."

There, a student loan fund had been left by will to a testamentary trust. It was determined to be an educational use. The fund, however, was not held exempt because of a requirement of the Oregon statute (not so provided in § 808(i), supra) that the funds be for "educational uses within this (Oregon) state." The gift in the Oregon case

B. I hereby give to my trustees so appointed full power and authority to sell or convey any property, both real and personal or mixed, which shall become a part of the trust estate, without the intervention or supervision of any court, and I further give to my said trustees all power and authority authorized by the provisions of the Oklahoma Trust Act, Sections 175.1 to 175.3, Title 60 O.S.1961 and acts amendatory and supplementary thereto except as such power and authority may be hereinafter limited. I direct my trustees so appointed *to use the funds to assist worthy students in the furtherance of their education.* The trustees are *to give primary consideration to the scholastic performance* of the recipients of their help rather than the financial needs of the recipients.

C. The help hereby provided for *shall be in the nature of loans which shall bear interest at a rate not to exceed four per cent (4%) and shall be repayable within ten (10) years* from the time the borrower ceases to be a student and the maximum amount to be loaned to any one student shall be that amount which is necessary to cover his or her tuition, a reasonable monthly living expense and the necessary books for any one year. Additional year loans may be made as long as the student remains, in the opinion of the trustees, a worthy student.

D. * * * * *." (Emphasis added.)

was not expressly limited to uses "within this state."

The Tax Commission argues that § 808(i) be strictly construed against the claimed exemption by limiting its application to gifts made to educational institutions, schools, or a place of learning.

 We do not agree with the argument of the Tax Commission. The deduction claimed by the taxpayer estate is encompassed within the terms of the exemption statute. The exemption is allowed to *all bequests* made in trust for *the use of any* charitable and *educational agency,* as well as institution. The Tax Commission ignored the term "agency." Webster's Third New International Dictionary, p. 40, defines "agency" as "a person or thing through which * * * an end is achieved." The testamentary trust established here was such an educational agency. Section 808(i) does not limit the legatee of a deductible bequest to an educational institution, a school or a place of learning. The Oregon statute is not identical with this state's. Although that statute is arranged and worded differently, we find nothing which would not allow us to apply *In Re Jenkins, supra,* in this opinion as indicated. Section 808(i)(1) gives the deduction if the agency is incorporated or *operating* under the laws of this state. Here the will creating the educational agency, the testamentary trust, was probated under Oklahoma law. The trust provisions give to the trustees "all power and authority authorized by the provisions of the Oklahoma Trust Act, Section 175.1 to 175.53, Title 60 O.S.1961 and acts amendatory and supplementary thereto except as such power and authority may be hereinafter limited." The testamentary trust, its construction, and operation are subject to the terms of the Oklahoma Trust Act. See 60 O.S.1971, § 175.53. It operates and is controlled by laws of this state. It need not be expressly limited in its educational use to benefit students who are citizens of this state.

Reversed and remanded with instructions to enter summary judgment for the estate taxpayer in accordance with this opinion.

HODGES, C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, SIMMS, and DOOLIN, JJ., concur.